RANSPACH *v.* TEUTONIA FIRE INSURANCE CO.[1]

FIRE INSURANCE—VACANCY CLAUSE—WAIVER.

A condition in a policy of fire insurance that it shall be void if the building insured "be or become vacant, and so remain for 10 days," is not waived by the fact that, at the time an agent of the company consents to an assignment of the policy, he is informed that the building is then unoccupied.

Error to Wayne; Hosmer, J. Submitted June 3, 1896. Decided June 30, 1896.

*Assumpsit* by Charles C. J. Ranspach against the Teutonia Fire Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

One Dillon obtained an insurance policy in the defendant company upon a dwelling house situated upon his land. The policy was the usual Michigan standard policy, and provided that it should be void "if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for 10 days." It further pro-

---

[1] Rehearing denied October 6, 1896.

vided that all waivers of the conditions should be in writing, and that no agent or officer should have the power to waive such conditions unless in writing. The house was rented and occupied until Dillon sold and conveyed the land to plaintiff and his wife. The premises were vacant at the time of the fire, and had so remained for three months previous. No notice of vacancy or application for a permit had been made. About the time of the deed to plaintiff, Dillon took the policy to the local agents, stated that he had sold the land to plaintiff, and asked that the policy be assigned to him, which was done. At that time Mr. Dillon testified that he thought he told the agents that, at the time he was selling it, he saw the occupants were packing up ready to go out, and that they told him they were going. How long this was before the assignment does not appear. This is the sole testimony upon which the jury were permitted to find that there was a waiver of the clause as to vacancy, and to render a verdict for the plaintiff.

*Corliss, Andrus & Leete,* for appellant.

*R. I. Lawson* and *D. B. Hayes,* for appellee.

GRANT, J. (*after stating the facts*). We think the court should have directed a verdict for the defendant. Plaintiff accepted the policy subject to all its terms and conditions. He knew, or must be held to have known, that the policy would be void if the house remained vacant beyond 10 days. Even if the agent had been told that the house was vacant at the time of the assignment, this did not make a new contract to keep the property insured beyond the 10 days of vacancy. The proposition is too plain to require further argument or citation of authorities.

Judgment reversed, and no new trial ordered.

The other Justices concurred.