SUTHERLAND *v.* EUREKA FIRE & MARINE INSURANCE CO.

FIRE INSURANCE — WAIVER OF CONDITIONS — NOTICE OF AGENT'S WANT OF AUTHORITY.

Where the holder of a fire-insurance policy applied to the local agent of the company for a vacancy permit, and was informed by such agent that the company had instructed him not to grant the permit, *held*, that he could not establish a waiver of the condition of his policy as to vacancy by proof of oral permission from the agent that the premises remain vacant, although it further appeared that he was not asked to surrender the policy, and that no tender of the unearned premium had been made.

Error to Muskegon; Russell, J. Submitted October 23, 1896. Decided November 17, 1896.

*Assumpsit* by Alexander Sutherland against the Eureka Fire & Marine Insurance Company on a policy of insurance. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Chaddock & Sutherland* (*W. J. Turner*, of counsel), for appellant.

*Bunker & Carpenter*, for appellee.

MONTGOMERY, J. This is an action on a fire-insurance policy which contained the following provision:

"This entire policy * * * shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days."

The house covered by the insurance was destroyed by fire on the 17th of April, 1895. It appears that in April, 1894, the house became vacant, and a vacancy per-

mit was issued, running to June 18th, and others were granted from time to time until the 8th of December, 1894, when a 30-day permit was granted, which was the last written permit. After the expiration of 30 days, plaintiff applied to the local agent for a further vacancy permit, and, as he testifies, was informed that the company had told him (the agent) that they could not give any more permits. The plaintiff claims, however, that the conversation which he had with the agent at this time amounted to a waiver of the provision above quoted from the policy. He testifies that, after the agent informed him that the company would not give any more permits, he inquired of the agent what they should do about it, and the agent replied, "Well, you hold the policy, and you try to get it rented, and I will;" that the agent did not ask for a surrender of the policy, and never asked him to surrender the policy, or tendered back the unearned premium. On cross-examination, plaintiff testified that he was aware that it was necessary that the company should give permission to keep the house vacant, or else the insurance would not be good. In answer to the question, "You knew that the clause was in the policy?" he replied, "Yes, sir; and I knew the agent could waive it if he wanted to." *Question:* "And you knew Mr. Doane was instructed by the company not to give that vacancy permit?" *Answer:* "To grant that permit,— yes, sir."

The circuit judge was of the opinion that there had been no waiver, and that, by the terms of the policy, the plaintiff was precluded from recovery. We think this ruling was right. Without determining whether an oral waiver of this provision by an agent would in any case be valid, we think it is clear that express notice of a limitation upon the authority of the agent was shown. In fact, the plaintiff swears to such notice. It would be a great stretch to say that, with notice that the company had prohibited its agent from granting a permit, and reducing the same to writing, the

assured would have the right to assume that an oral permit was authorized, or would be approved by the company. See *Ranspach* v. *Insurance Co.*, 109 Mich. 699.

Judgment affirmed.

The other Justices concurred.